**SO ORDERED.**

**SIGNED this 04 day of September, 2007.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

**IN RE:**

**MALCOLM MCFALL BABB,**
          **Debtors.**                                    **Case No. 06-03003-8-JRL**


**JAMES B. ANGELL, Chapter 7**
**Trustee,**                                                **Adversary Proceeding No.:**
          **Plaintiff,**                              **L-07-00056-8-AP**

**v.**

**MALCOLM MCFALL BABB,**
          **Defendant.**
_____

## ORDER

On July 18, 2007 the court conducted a pretrial scheduling conference in Wilmington,

North Carolina. Based upon the information obtained from that conference the court entered an

order dated July 26, 2007.  The Pretrial Scheduling Order struck the *pro se* debtor's demand for

a trial by jury. Subsequently, the debtor filed a motion requesting the court alter or amend the

Pretrial Scheduling Order as it pertained to his demand for a jury trial.

On September 22, 2006, the debtor filed a petition for relief under chapter 13 of the

Bankruptcy Code. The court later converted the debtor's chapter 13 case to a case under chapter 7. On May 25, 2007, the chapter 7 trustee instituted an adversary proceeding against the debtor seeking denial of the debtor's discharge pursuant to 11 U.S.C. § 727(a). The allegations set forth by the trustee pertain to real estate owned or allegedly owned by the debtor. The trustee asserts that the debtor failed to disclose the debtor's ownership of certain real estate properties on his bankruptcy schedules.  As to the properties the debtor did list on his schedules, the trustee contends that the debtor grossly underestimated the value of those properties. In his motion to amend, the debtor contends that the ownership of the real property is a matter law and should be decided by a jury.

"The Seventh Amendment protects a litigants's right to a jury trial only if a cause of action is legal in nature and it involves a matter of 'private right.'" Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 42 n.4 (1989). The standard test is: Whether the action would have been classified as legal or equitable in the eighteenth century England, and whether the remedy sought is legal or equitable in nature. Id. at 42. "[A] bankruptcy discharge and questions concerning the dischargeability of certain debts, involves issues with an equitable history and for which there was no entitlement to a jury trial in the courts of England prior to the merger of law and equity." In re Hooper, 112 B.R. 1009, 1012 (B.A.P 9th Cir. 1990). The remedy or ultimate relief sought by the trustee is that the debtor is not entitled to a discharge under the Bankruptcy Code, and this type of remedy is equitable in nature. Id. at 1012.

In this case, the trustee is seeking denial of the debtor's discharge, and under the test set forth in *Granfinanciera*, the debtor is not entitled to a jury trial on the issue of his discharge. The denial of the debtor's discharge is the only relief sought in the trustee's complaint, and therefore

the debtor's motion to amend the Pretrial Scheduling Order is DENIED.

**"END OF DOCUMENT"**